IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-45-BO

| | |
|---|---|
| CAROLYN BRZOWSKI, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on February 5, 2014, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff filed for DIB on November 19, 2009, alleging disability since October 18, 2008. After initial denials of her application, a hearing was held before an Administrative Law Judge (ALJ) who then issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*,

907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date and that she met the insured status requirements through March 31, 2012. Plaintiff's peripheral arterial disease, hypertension, kidney disease, thryromegaly with adenomatoid nodule, chronic obstructive pulmonary disease, mild obesity, sleep apnea, and impingement syndrome with bursitis in bilateral shoulders were considered severe impairments at step two but were not found to meet or equal a listing at step three. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform a reduced range of light work. The ALJ then found that plaintiff could return to her past relevant work as a cashier-

2

checker and as a head cashier/manager. Thus, the ALJ found that plaintiff was not disabled as of the date of his decision.

In finding plaintiff not to be disabled, the ALJ noted that the objective evidence and plaintiff's own testimony support that she benefitted from "significant" improvement after her surgeries. Tr. 17. This finding is at least partially not supported by substantial evidence. As the ALJ reviewed, plaintiff suffered from severe stenosis in her iliac arteries as well as severe claudication[1] of her bilateral lower extremities. Tr. 532. In June 2011, just weeks prior to her hearing before the ALJ, plaintiff underwent a bilateral lower extremity angiogram. Tr. 539. This was recommended in order to reduce her limitations due to her claudication symptoms, but it would not address her breathing limitations while walking. Tr. 532.

There are no medical records following plaintiff's June 2, 2011, surgery on which the ALJ could have based his finding that objective evidence supports that plaintiff benefitted from significant improvement, nor does plaintiff's own testimony at the hearing support such a conclusion. At the hearing, plaintiff testified that after the surgery she could walk a little further than she could before the surgery, to the end of her driveway, but that she still had difficulties walking. Tr. 37. There is nothing in the record to support a finding that after her most recent surgery plaintiff's shortness of breath had significantly improved.

Because he determined that plaintiff had significantly improved following her most recent surgery, the ALJ found that she could perform her past relevant work at either a light or sedentary level. As the finding that plaintiff had significantly improved is unsupported by substantial evidence,

---

[1]Intermittent claudication, which plaintiff was diagnosed as having, is a "condition caused by ischemia of the muscles; characterized by attacks of lameness and pain." STEDMAN'S MEDICAL DICTIONARY 389 (28th ed. 2006).

3

however, the ALJ's overall determination that plaintiff was not disabled is not supported by substantial evidence.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained his basis for denying coverage and there is no ambivalence in the medical record. Indeed, the longitudinal record reveals that plaintiff suffered from consistent shortness of breath, fatigue, artery stenosis, and renal failure. As the ALJ noted, prior to her June 2011 surgery plaintiff had difficulty standing and walking and felt as though she had concrete blocks on her feet. Tr. 14. In support of her credibility,

4

plaintiff reduced her smoking from a pack to a pack and a half per day to less than half a pack per week. Tr. 42. Absent any evidence to support that plaintiff had significantly improved by the time of her hearing, there is no basis upon which to make such a finding. Therefore, in light of the record and the nature of plaintiff's impairments, the Court finds that no benefit would be gained from remanding this matter for further proceedings.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 22] is GRANTED and defendant's motion for judgment on the pleadings [DE 24] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Acting Commissioner for an award of benefits.

SO ORDERED, this 2 day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE